**TERMAR NAVIGATION COMPANY, INC., as Managing Owner of the SERAFIN TOPIC, Plaintiff-Appellant,**

v.

**SS POLANICA et al., Defendants-Appellees.**

No. 74–3530.

United States Court of Appeals, Fifth Circuit.

April 9, 1976.

Rehearing and Rehearing En Banc Denied May 19, 1976.

John H. Tappan, James D. Brooks, Sidney H. Schell, Mobile, Ala., for plaintiff-appellant.

Oliver J. Latour, Jr., James W. Tarlton, III, Mobile, Ala., for defendants-appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and MARKEY *, Chief Judge.

PER CURIAM:

Appellant Termar Navigation Company, Inc., owner of the cargo vessel *Serafin Topic*, seeks reversal of the judgment of the court below, which found the *Serafin Topic* solely responsible for a collision with the cargo vessel *SS Polanica*. The accident occurred at about 7:00 p. m. on April 16, 1973 in the Mobile Ship Channel. Both vessels were under the direction of licensed Mobile Bar Pilots. The *Polanica* was proceeding south (outbound), and the *Serafin Topic* was heading north (inbound), when the vessels collided in the middle of the channel; the *Polanica's* bow struck the *Serafin Topic* a few feet aft of the plimsol mark (midship). There were no injuries, but both vessels sustained extensive damage. Termar Navigation brought suit against the *Polanica*, whose owner, Polski Linie Oceaniczne, counterclaimed. The case was tried on the liability issue only. We affirm.

The evidence presented to the court during the thirteen-day trial was extensive, and included depositions, oral testimony from a number of witnesses, and over 200 exhibits. The facts were, and are, hotly disputed at virtually every conceivable point. The district court entered extensive findings of fact and conclusions of law. Essentially, the court held that the collision was proximately caused by the *Serafin Topic's* negligence in allowing herself to drift westward into the path of the *Polanica* and failing to straighten up and come ahead sufficiently to allow the *Polanica* to pass safely; and that neither the *Polanica* nor those aboard her were guilty of any fault that proximately caused or contributed to the collision. The *Serafin Top-*

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

ic's theory, rejected below, is basically that she was on her own (east) side of the channel, and that the collision occurred when the *Polanica* suddenly sheered to port.

On appeal, Termar Navigation complains of certain findings and conclusions of the trial court; of the court's failure to find particular facts; and of the court's rulings on some of the *Serafin Topic's* interrogatories. Our review of fact findings is governed by the dictates of Rule 52(a), F.R.Civ.P., which provides in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Virtually every finding here required credibility choices by the trial judge, which makes appellant's burden in this court quite formidable. *Chaney v. City of Galveston*, 368 F.2d 774, 776 (5th Cir. 1966); *Smith v. United States*, 287 F.2d 299, 301 (5th Cir. 1961). Moreover, we have specifically held that the finding of fault in a collision case is primarily a fact issue to which the clearly erroneous rule applies. *Movible Offshore, Inc. v. M/V Wilken A. Falgout*, 471 F.2d 268, 272–73 (5th Cir. 1973); *A/R Seljan v. Pioneer Leasing Corp.*, 406 F.2d 768, 769 (5th Cir. 1969).

We have thoroughly reviewed and carefully considered the record and the contentions of the parties in their briefs and at oral argument, and we conclude that the court's findings are supported by the evidence and not clearly erroneous, and that its conclusions are correct.

AFFIRMED.